IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dennis Jackson, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 22-cv-4337 |
| | ) | |
| City of Chicago, Patrick Boyle, Jennifer Burmistrz, Efrain Carreno, Matthew Evans, John Foertsch, Edward Garcia, Michael Higgins, Gerald Lau, and Jeffrey Lawson, | ) | *(jury demand)* |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and § 1367.

2. Plaintiff Dennis Jackson is a resident of the Northern District of Illinois.

3. Defendants Patrick Boyle, Jennifer Burmistrz, Efrain Carreno, Matthew Evans, John Foertsch, Edward Garcia, Michael Higgins, Gerald Lau Jr., and Jeffrey Lawson ("officer defendants") are each sued in their individual capacity and were at all relevant times acting under color of their offices as Chicago police officers.

4. Defendant City of Chicago is an Illinois municipal corporation. Plaintiff asserts only state law claims against the City.

5. On November 6, 2017, the officer defendants arrested plaintiff on the 300 block of East 120th Place in Chicago.

6. At the time of plaintiff's arrest:

a. None of the officer defendants had a warrant authorizing the arrest of plaintiff;

b. None of the officer defendants believed that a warrant had been issued authorizing the arrest of plaintiff;

c. None of the officer defendants had observed plaintiff commit any offense; and

d. None of the officer defendants had received information from any source that plaintiff had committed an offense or was otherwise subject to arrest.

7. Plaintiff does not raise any claim about this wrongful arrest.

8. As a result of the officer defendants' conduct, plaintiff was wrongfully detained and prosecuted for drug offenses:

a. One or more of the officer defendants prepared official police reports falsely asserting that officers had seen plaintiff selling a controlled substance;

b. One or more of the officer defendants attested to the false official police reports, and each of the other officer defendants failed to intervene to prevent the violation of plaintiff's rights; and

c. One or more of the officer defendants communicated the fabricated evidence to prosecutors, and each of the other officer defendants failed to intervene to prevent the violation of plaintiff's rights.

d. Based on the fabricated evidence, a prosecutor caused plaintiff to be charged and prosecuted for a felony offense.

9. As a result of the above-described wrongful acts, plaintiff was deprived of liberty while a pre-trial detainee and suffered other injuries from being wrongfully prosecuted.

10. Plaintiff was exonerated at trial on September 2, 2021.

11. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

12. As a supplemental state law claim against defendant City of Chicago only: as a result of the foregoing, plaintiff was subjected to a malicious prosecution under Illinois law.

13. Plaintiff hereby demands trial by jury.

WHEREFORE, plaintiff requests that appropriate compensatory and punitive damages be awarded against the officer defendants, that appropriate compensatory damages only be awarded against defendant City of Chicago, and that fees and costs be taxed against all defendants.

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*